**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RYAN DAVID ANDERSON,

Plaintiff,

v.

COUNTY OF SHASTA, et al.,

Defendants.

No. 2:23-cv-0757-DAD-ICD-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third amended complaint, ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated, even if the litigant was subsequently released from custody. See *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which

support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's third amended complaint. ECF No. 16. Plaintiff names the following as Defendants: (1) County of Shasta; (2) Shasta County Sheriff's Office (SCSO); (3) Tom Bosenko; (4) Eric Magrini; (5) David M. Kent; (6) Gene B. Randall; (7) Robert M. Van Gerwen; (8) Zachary S. Jurkiewicz; (9) William J. Decker; (10) Joshua R. Millis; (11) Nathaniel N. Neves; (12) Debra K. Owen; (13) Wellpath; and (14) Daniel Dellwo. *See id.* at 1–2. Plaintiff has another pending action, *Anderson v. Vangerwen, et al.*, E. Dist. Cal. case no. 2:20-cv-00246-DC-SCR, which is referenced in the amended complaint in this action. *Id.*

- **Claim 1:** Plaintiff alleges Defendants Decker and Jurkiewicz issued incident reports which falsely claimed Plaintiff had engaged in fighting in 2019. *Id.* at 13. This claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 1 in the second amended complaint previously addressed by the Court. *See* ECF Nos. 15, 16.
- **Claim 2:** Plaintiff alleges Defendant Millis violated his Eighth Amendment rights by confining him in inhumane conditions which caused him to develop health problems. This claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 2 in the second amended complaint. *See id.*
- **Claim 3:** Plaintiff asserts a First Amendment retaliation claim against Defendants Jurkiewicz and Decker for providing false statements about the February 22, 2019, incident in retaliation for Plaintiff filing grievances against Defendant Van Gerwen. This claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 3 in the second amended complaint. *See id.*
- **Claim 4:** Plaintiff alleges municipal liability against Defendant Shasta County, Shasta County Sheriff's Office, and Wellpath, alleging a "custom or practice" of allowing officers to commit constitutional violations without recourse for inmates. *Id.* at 23. This

claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 4 in the second amended complaint. *See id.*, ECF No. 14, p. 22.

- **Claim 5:** Plaintiff alleges a supervisory liability claim against Defendants Bosenko, Magrini, Kent, and Randall, for their knowledge of constitutional violations and failure to prevent such ongoing violations. This claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 5 in the second amended complaint. *See id.*
- **Claim 6:** Plaintiff alleges Defendants Shasta County, Shasta County Sheriff's Office, Bosenko, Magrini, Randall, Kent, Van Gerwen, Decker, Jurkiewicz, and Millis fabricated evidence and participated in "harassment over the intercom, interference with my phone call with my mother, fabricated reports, sham disciplinary hearing, punitive placement in the 'poop cell,' withholding of hygiene products, and continued reliance on false 'hate crime' and 'weapon' allegations to support charges and oppose release." *Id.* at 36. Plaintiff claims that the Defendants' collective acts of fabricating evidence, using excessive force, and subjecting Plaintiff to dangerous living conditions, amount to threat, intimidation, or coercion under the Bane Act. See *id.* This claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 6 in the second amended complaint. *See id.*
- **Claim 7:** Plaintiff alleges Defendants Decker, Jurkiewicz, Neves, and Millis violated his due process rights under the Fourteenth Amendment. *Id.* at 37. Defendants filed a false report regarding Plaintiff's actions during a February 22, 2019, fight. *Id.* Contrary to established process, the Defendants did not review CCTV footage and adopted Defendant Decker's false report. *Id.* at 37–38.
- **Claim 8:** Plaintiff alleges an Eighth Amendment violation claiming Defendants were deliberately indifferent to Plaintiff's serious medical needs. See *id.* at 40. Plaintiff states that in January 2021, Covid-19 cases "spiked in Shasta County" among inmates, including Plaintiff, and jail employees because of Defendants' failure to follow Covid-19 protocols. *Id.* Plaintiff states that Defendants were not following the SCSO's Custody Manual

Communicable Diseases Policy 903, which required that anyone entering the isolation room to provide care to an inmate to wear a respirator. *See id.* at 42. As a result of the "deliberate indifference," Plaintiff lost his sense of taste and smell for six months, suffered from anxiety and distress, lost his "good time" credit, and still experiences the lingering effects of Covid-19. *Id.* at 43. Plaintiff asserts that on January 14, 2021, he requested to see the doctor and to be given a Covid-19 test because Plaintiff felt symptoms similar to Covid-19 symptoms, but was denied a Covid-19 test by the physician's assistant, Defendant Dellwo. *See id.* Plaintiff states that he was administered a Covid-19 test four days later because it was mandatory for an upcoming prison transport, and the test confirmed that Plaintiff had Covid-19. *See id.* As a result of the late diagnosis, due to Plaintiff being denied the Covid-19 test, Plaintiff claims he lost his "good time" credit. *Id.* Plaintiff asserts that he believes he gave Covid-19 to his cellmate and other inmates because Plaintiff "was made to serve meals throughout the facility." *Id.* Plaintiff alleges that this was not a "difference of medical opinion" but was a deliberate attempt to cover up the spread of Covid-19 at the jail by the Defendants. *See id.* Plaintiff contends that he was denied Covid-19 testing because the physician's assistant was following orders given by Defendant Wellpath and/or Defendants Shasta County, Shasta County Sheriff's Office, Magrini, and Randall. See *id.* This claim is meandering and disorganized but appears to be functionally the same as Plaintiff's Claim 8 in the second amended complaint. *See id.*

- **Claim 9:** Plaintiff asserts a § 1983 claim against Defendant Owen for retaliation. Defendant Owen deliberately withheld or lost a hygiene package the Plaintiff's mother had sent him, resulting in "prolonged exposure to filthy and demeaning conditions, increased risk of infection, physical discomfort, embarrassment, anxiety, and emotional distress." *Id.* at 47.

## II. DISCUSSION

Plaintiff claims violations of his rights by various prison staff. The Court previously found Claims 1, 2, 3, 4, 5, and 8 cognizable, and allegations which the Court labeled Claim 9 were also found to be cognizable. ECF No. 15 at 7. As these claims are pleaded again, the Court continues

to find them cognizable as alleged in the operative third amended complaint. Plaintiff's remaining claims are not cognizable.

**A. Bane Act**

Plaintiff brings a Bane Act claim in Claim 6. Plaintiff was previously informed that to bring a Bane Act claim, he needed to comply with the California Government Claims Act. *See* ECF No. 15 at 12–13; *see also* Cal. Gov't Code § 900, et seq. The California Government Claims Act establishes conditions required to file a lawsuit against a public entity for money or damages. *Id.* Under the Act, a plaintiff must either receive a notice of the claim's rejection or give the entity 45 days to respond to the claim prior to the filing of any lawsuit, after which the entity's inaction is deemed a rejection. *See* Cal. Gov't Code §§ 912.4, 945.4. Failure to timely present a claim to the public entity bars the plaintiff from filing a lawsuit against that public entity. Plaintiff has not responded to the Court's previous request that he comply with the California Government Claims Act, and the Court thus will recommend this claim be dismissed without leave to amend.

**B. Due Process**

Plaintiff's Claim 7 alleges violations of his right to Due Process by Defendants Decker, Jurkiewicz, Neves, and Millis. ECF No. 16 at 37. A similar claim in Plaintiff's previous complaint was found to be a duplicative claim by Judge Cota. ECF No. 15 at 12. Now, Plaintiff brings this claim as a Fourteenth Amendment Due Process claim, though to the limited extent the Court is able to tease out the specific claims, it appears to be based on the same operative facts and against the same Defendants as Plaintiff's Claim 1. ECF No. 16 at 37. The Court, construing this as a Fourteenth Amendment Due Process claim against Defendants Decker, Jurkiewicz, Neves, and Millis which is brought under the same operative facts as Claim 1, finds Plaintiff has pled a cognizable Due Process claim.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from

state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–27 (1976); *Smith v. Sumner*, 994 F.2d 1401, 1405 (9th Cir. 1993).

In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." *Wolff*, 418 U.S. at 557–58; *Smith*, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see *Wolff*, 418 U.S. at 557; in remaining in the general population, *see Sandin v. Conner*, 515 U.S. 472, 485–86 (1995); in not losing privileges, see *Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976); in staying at a particular institution, see *Meachum*, 427 U.S. at 225–27; or in remaining in a prison in a particular state, *see Olim v. Wakinekona*, 461 U.S. 238, 245–47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *See Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483–84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. *See Ramirez v. Galaza*, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Finally, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff*, 418 U.S. at 563–70. Due process is satisfied where these minimum requirements have been met, see *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, *see Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." *Id.* at 455–56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Plaintiff alleges that he was denied Due Process because he was not afforded an opportunity to explain his conduct, nor was potentially exculpatory evidence reviewed. ECF No. 16 at 38–39. Plaintiff was later disciplined despite not being afforded correct Due Process. *Id.* The Court finds Plaintiff has pled a cognizable Due Process claim.

**III. CONCLUSION**

Plaintiff's action may continue as to Claims 1, 2, 3, 4, 5, 7, 8, and 9. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend. See *Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///

///

///

///

///

///

Based on the foregoing, the undersigned ORDERS and RECOMMENDS as follows:

1. This action proceeds on the third amended complaint as against the named defendants as to Claims 1, 2, 3, 4, 5, 7, 8, and 9;
2. Claim 6 be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE